E. C. F. SANCHEZ, PLAINTIFF IN ERROR, VS. J. MANCHESTER HAYNES, DEFENDANT IN ERROR.

Writs of error and *scire facias ad audiendum errores* were regularly issued from the Supreme Court and made returnable as provided by law; the sheriff of the county in which judgment was rendered, as deputy of the sheriff of the Supreme Court, endorsed on the writ of error that it was served by delivering a copy to the attorney for defendant in error; transcript of the record duly certified was filed in the Supreme Court and the case was regularly submitted thereon by both plaintiff in error and defendant in error; the cause being regularly reached for final hearing, the judgment was reversed, and subsequently to filing the opinion therein, defendant in error filed motions to vacate the judgment of the Supreme Court and quash the writ of error, the bases of the motions being that the writ of error had not been served and the Supreme Court had no jurisdiction of the case: *Held*, That the motions should be denied, no affirmative showing being made that the writ of error was not

in fact lodged with the clerk, and the action of defendant in error in submitting the case on the record and invoking a decision of the court thereon amounting to an affirmance on his part that the writ was properly served.

Writ of Error to the Circuit Court for St. Johns county.

Motions to vacate judgment and supersedeas.

The facts in the case are stated in the opinion of the court.

*W. W. Dewhurst*, for Motions.

*Geo. P. Raney, contra.*

MABRY, C. J.:

On final determination of this cause here the judgment of the Circuit Court was reversed, the opinion having been filed on the 21st day of May, during the January term, A. D. 1895, of this court. Motions are made at the present term, but within thirty days from the filing of the opinion, to vacate and have declared void the judgment rendered, on the ground that upon the face of the record it appears that this court never had jurisdiction of the case and the judgment was entered by mistake, and also to vacate the supersedeas granted and quash the writ of error because it was not brought and prosecuted with effect within two years after the judgment was rendered in the lower court. It is contended as a basis of support for the motions that the writ of error was not properly served by lodging it in the office of the clerk of the court in which the judgment was rendered. Writs of error and *scire facias* to hear errors were issued from this court within

the proper time and made returnable according to law. The sheriff of St. Johns county, the county in which the judgment was rendered, endorsed on the writ of error that he received it on the 11th day of April, A. D. 1891, and served it by delivering a true copy to the attorney for defendant in error. The return is signed by the sheriff of the Supreme Court, by the sheriff of St. Johns county as deputy. The transcript of the record was filed here the day on which the writs of error and *scire facias* were issued. Supersedeas was granted and the case regularly submitted on the merits by counsel for both plaintiff in error and defendant in error, and no objection of any kind was made to the service of the writ of error before the final disposition of the case. If it be possible for a defendant in error ever to preclude himself from raising the question as to the service of a writ of error, the present defendant in error is in that situation. With full knowledge of the facts above stated, as disclosed by the record and papers on file in this court, he submits his case to the court on the merits, and after an adverse decision objects that the court had no jurisdiction to hear the case. Without enquiring into the correctness of the method pursued to reach the supposed defect in the service of the writ complained of, we are of the opinion that the motions should be denied. The service of the writ of error is made by lodging it in the court rendering the judgment sought to be reviewed, and such service may be shown as a matter of fact. If the writ once gets into the proper court, and is obeyed, its end will be accomplished. · It is true that there is no endorsement on the writ that it was ever lodged with the clerk of the Circuit Court, and the service endorsed on it by the sheriff shows that it was served on the counsel for defendant in error, but there is nothing to

show that it was not, as a matter of fact, in the hands of the clerk. Had a motion been seasonably made to dismiss the case on the ground that the writ had not been properly served, the question of service would have been enquired into by the court, and the actual facts in reference thereto ascertained. Counsel for defendant in error has acted upon the supposition that the writ was properly served, and he does not allege or attempt to show affirmatively, even if he could now be permitted to do so, that the writ was not, as a matter of fact, placed in the hands of the proper clerk.

The motions should be denied, and it will be so ordered.